IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CR-00125-FL-1

United States of America,

v.

**Order**

James Edward White,

Defendant.

Ahead of his arraignment on seven drug and firearm charges, Defendant James Edward White has filed several motions. First, he seeks additional materials from the Government that he claims are relevant to the defense of his case. D.E. 42. Second, he asks the court to compel the Government to preserve evidence including the rough notes of its agents. D.E. 43. Third, he asks for early disclosure of Jencks Act material. D.E. 44. Fourth, he requests that the court sequester the Government's witnesses during trial. D.E. 41. And finally, he seeks an order from the court granting him leave to file further pretrial motions. D.E. 45.[1] The court will address each motion below.

I. **Motion for *Brady* and *Giglio* Information**

White requests that the Government turn over information he is entitled to under *Brady* v. *Maryland*, 373 U.S. 83 (1963), *United States* v. *Giglio*, 405 U.S. 150 (1972), and related cases. D.E. 42. He asks for four categories of information. To begin with he seeks documents about "arrangements or inducements offered to the witnesses[.]" D.E. 42 ¶ 1. Then he asks for witnesses' criminal records. *Id.* ¶ 2. Next, he wants to know when "witnesses have previously offered

---

[1] White has also moved to suppress certain evidence. D.E. 40. The court will address that motion in a separate Memorandum & Recommendation.

testimony on behalf of the government[.]" *Id.* ¶ 3. And finally, he wants to know about "[c]oncessions provided [to] the alleged victims in this matter[.]" *Id.* ¶ 4.

*Brady* obligates the Government to produce evidence that is "both favorable to the accused and 'material either to guilt or punishment'" if the defendant requests it. *United States* v. *Bagley*, 473 U.S. 667, 674 (1985) (quoting *Brady*, 373 U.S. at 87). The Government must also disclose evidence that could impeach or discredit a Government witness upon the defendant's request. *Giglio*, 405 U.S. at 154. The Government must produce this evidence "in time for its effective use at trial." *United States* v. *Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985); *see United States* v. *Jeffers*, 570 F.3d 557, 573 (4th Cir. 2009).

The Government acknowledges its obligation to produce the requested information under *Brady* and *Giglio*. D.E. 50 at 4. It only asks that it not have to do so immediately, claiming that it does not know who its witnesses will be. *Id.* at 4. According to the Government, it will disclose this information "in sufficient time" for it "to be adequately used at trial." *Id.*

So the court grants White's motion in part and denies it in part. D.E. 42. The Government must turn over the requested information, to the extent required by *Brady* and *Giglio*, on a prompt, ongoing basis. It must disclose all materials required under those doctrines, including witness-related information, no later than one week before trial.

## II.    Motion to Preserve Evidence

White asks for an order requiring the Government to preserve all "evidence and rough notes" related to his case. D.E. 43 at 1. His request covers several categories of documents, including documents he is potentially entitled to under the Federal Rules, United States Code, and Supreme Court precedent. *Id.* He also wants the United States to preserve all "notes" from government agents who interviewed witnesses or who might be witnesses themselves. *Id.* And he

asks for the preservation of "rough notes" of government agents who participated in the investigation of this case or in related cases, whether or not the rough notes "are incorporated in official records." *Id.* at 1–2.

The Government's response briefly touches on document preservation and then focuses on whether and when it must produce the requested documents. D.E. 50 at 5. Whether the Government must preserve information is distinct from whether it must produce it. Given that the Government has not shown why White is not entitled to the relief he seeks, the court will grant his motion. The Government shall preserve the documents outlined in White's motion.

### III. Motion for Early Release of Jencks Act Material

White also moves the court to order the disclosure of material covered by the Jencks Act no later than 15 days before trial. D.E. 44. The Jencks Act governs the defendant's ability to discover statements or reports made by actual or prospective government witnesses that are in the United States' possession. 18 U.S.C. § 3500. A defendant has no right to obtain or review these documents before a witness "has testified on direct examination" at trial. 18 U.S.C. § 3500(a). Because of this language, a "district court may not require the government to produce *Jencks* Act material relating to one of its witnesses until after the witness has testified." *United States* v. *Lewis*, 35 F.3d 148, 151 (4th Cir. 1994). So the court denies White's motion. D.E. 44.

Although a district court may not require early disclosure of Jencks Act material, the United States may voluntarily disclose the requested documents and information before trial. *Id.* Here, the Government has represented that it has already provided reports from potential witnesses to White and "will disclose all *Jencks* material in time for its effective use at trial[,]" including Grand Jury transcripts. D.E. 50 at 7. The court expects the Government to honor its commitment.

3

Case 7:19-cr-00125-FL   Document 60   Filed 03/08/21   Page 3 of 6

## IV. Motion for Sequestration of Witnesses

Next, White asks the court to prevent the Government's witnesses from observing trial testimony or discussing that testimony with each other. D.E. 41. The Government does not oppose the motion. But it asks that the court also sequester White's witnesses and allow it to designate a case agent to be present at the trial. D.E. 50 at 3.

The Federal Rules of Evidence require that, upon the request of a party, the court exclude witnesses from trial so that they cannot hear the testimony given by other witnesses. Fed. R. Evid. 615. But the court may not exclude certain categories of people, including "a party who is a natural person" or a designated officer or employee of a party that is not a natural person. *Id.* at 615(a), (b).

As required by Rule 615, the court will grant the motion (D.E. 41) with two exceptions. First, the court cannot sequester White because he is a party who is a natural person. Second, the United States is generally entitled to have the court exempt its case agent from a sequestration order. *United States* v. *Parodi*, 703 F.2d 768, 773 (4th Cir. 1983). So the United States may designate a case agent to remain in the courtroom throughout the trial. The designation must occur before the start of the trial.

The court will also limit the witnesses' ability to discuss the case with each other. But witnesses may "discuss the case with counsel for either party[.]" *United States* v. *Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000). So the court prohibits witnesses for either side from discussing their testimony or the testimony of other witnesses with anyone other than counsel for the parties.

4

## V. Motion for Leave to File Further Pretrial Motions

White also seeks an order from the court granting him leave to file further pretrial motions and motions in limine. D.E. 45, D.E. 45–1. The Government does not object to this provided that the court allows it adequate time to respond. D.E. 50 at 7–8.

Rule 12 of the Federal Rules of Criminal Procedure governs the timing of pretrial motions in criminal actions. Under that Rule, a court may set a deadline for filing pretrial motions. Fed. R. Cr. P. 12(c)(1). A party wishing to bring a motion after the court's deadline must show that there is good cause to do so.[2] Fed. R. Crim. P. 12(c)(3). So the court cannot decide whether to consider an untimely motion until the motion is filed. Thus, the court denies the motion for leave to file additional motions.

## VI. Conclusion

As discussed above, the court orders as follows:

1. The court grants in part and denies in part White's motion for *Brady* and *Giglio* materials. D.E. 42. The Government must produce *Brady* and *Giglio* materials on a prompt, ongoing basis and disclose all materials required under those doctrines, including witness information, no later than one week before trial.

2. The court grants White's motion to preserve evidence. D.E. 43.

3. The court denies White's motion for early disclosure of Jencks Act materials. D.E. 44.

4. The court grants in part and denies in part White's motion seeking sequestration of witnesses as described above. D.E. 41.

---

[2] Motions challenging the court's jurisdiction are exempted from this requirement. Fed. R. Cr. P. 12(b)(1).

5. The court denies White's motion for leave to file further pretrial motions (D.E. 45).

Dated: March 8, 2021

_____
Robert T. Numbers, II
United States Magistrate Judge