IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CR-125-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| JAMES EDWARD WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for resentencing June 4, 2025. The court memorializes herein the court's reasons for overruling objections raised by defendant to the Presentence Investigation Report ("PSR"), regarding defendant's qualification for a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).

## BACKGROUND

With a written plea agreement, March 11, 2022, defendant pleaded guilty to distribution of a quantity of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count One), and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count Six). In presentence report ("PSR") filed January 4, 2023, (DE 99), the probation office calculated a total offense level 32, criminal history category VI, and guidelines range of 210-262 months. Defendant's statutory minimum term was 15 years based upon his Armed Career Criminal Act ("ACCA") statutory enhancement. There were no written objections noted in the PSR.

At original sentencing held January 20, 2023, counsel for defendant raised an oral objection to the ACCA classification "just for preservation purposes." (Tr. (DE 118) at 4). The court overruled the objection and confirmed its determination that the advisory guidelines range was

210-262 months. The court then sentenced defendant to a term of 188 months with special conditions of supervised release set forth in the court's judgment (DE 112 at 3, 6). The term of imprisonment resulted from a downward variance in light of defendant's difficult "childhood and the impact on [his] mental health." (Tr. (DE 118) at 22).

In an unpublished order filed November 7, 2024, upon consideration of a joint motion to remand, the United States Court of Appeals for the Fourth Circuit, granted the motion, vacated defendant's sentence, and remanded for resentencing in conformity with United States v. Rogers, 961 F.3d 291 (4th Cir. 2020) and United States v. Singletary, 984 F.3d 341 (4th Cir. 2021). (DE 124 at 1). The parties' joint motion for remand identified the error as follows: "The parties . . . agree that the district court failed to orally pronounce all discretionary conditions of supervised release at Defendant's sentencing hearing, in that there is a material mismatch between the warrantless-search condition announced at sentencing and the one appearing in the written judgment." (DE 124 at 3).[1]

Upon remand, the probation office filed a first modification to PSR (DE 131), noting that there are no necessary changes to the PSR or addendum filed January 4, 2023. It also filed a

---

[1] The mismatch was as follows. At sentencing, the court orally pronounced:

[Y]ou're going to have to agree to be searched without a warrant by law enforcement or the probation office. So if you give anybody a hard time, if they think it's reasonable to conclude that you might have broken the law or violated supervised release conditions, you can be searched without a warrant, or if the probation office needs to search in the lawful discharge of their duties. Sometimes the probation officer has to search a defendant, for example, for safety issues.

(Tr. (DE 118) at 27). By contrast, the written judgment provides:

The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

(Judgment (DE 112) at 6) (emphasis added).

revised sentencing recommendation "in conformity with current processes." (DE 131 at 1; see DE 132).

Defendant first appeared for resentencing March 13, 2025, and noted through counsel that he wished to object to his ACCA status on the basis of Erlinger v United States, 602 U.S. 821 (2024), which was decided June 21, 2024.  He noted that there were two cases then pending before the Fourth Circuit related to his argument, United States v. Brown, and United States v. Boggs, which at that point had not been decided.  Defendant suggested a continuance until the Fourth Circuit decided Brown and Boggs.  The government consented to a continuance, while noting its position that the waiver in defendant's plea agreement bars any relief.

The court allowed the continuance, directing defendant to file a status report when ready to proceed.  Defendant filed his status report May 13, 2025, (DE 135), noting the decisions in United States v. Brown, 136 F.4th 87 (4th Cir. 2025) (decided April 29, 2025) and United States v. Boggs, No. 22-4707, 2025 WL 1249364 (4th Cir. April 30, 2025).  The court then set the matter for the instant setting.

Defendant filed written "objections to PSR" May 26, 2025, in which he "objects to the Armed Career Criminal designation," and asserts that "the minimum[2] term of imprisonment is 10 years on the gun."  (Objections (DE 137) at 1).  Relatedly, defendant asserts the base offense level should be 32, total offense level should be 30, and guidelines range should be 168-210 months.

In sentencing memo filed that same date, defendant acknowledged that Brown and Boggs did not help advance his argument, recognizing that the harmless error analysis applied therein "is

---

[2]  This reference to "minimum" appears to be an inadvertent typographical error.  Absent ACCA enhancement, under 18 U.S.C. § 924(e), the maximum sentence for Count Six is ten years based upon the date of his plea.  Defendant pleaded guilty prior to amendment of the statutory maximum penalty from ten to 15 years.  See 18 U.S.C. § 924(a)(8); Bipartisan Safer Communities Act, PL 117-159 (June 25, 2022) (striking § 922(g) offenses from the ten year maximum penalty provision, and adding the 15 year maximum for § 922(g) offenses); see, e.g., 18 U.S.C. § 924(a)(2) (2021) (providing ten year maximum penalty for § 922(g) offenses).

3

certainly not a result that is going to help anyone that has a pending case before the Fourth Circuit." (Def's Mem. (DE 138) at 3). Defendant nonetheless argued that the Erlinger error in the instant case is a "question of law," (id. at 4), and he asserted he "cannot waive [the] rights under Erlinger now." (Id. at 2).

At sentencing hearing held June 4, 2025, defendant reiterated his argument that waiver does not encompass the holding in Erlinger, and that the predicate convictions supporting defendant's ACCA enhancement must be alleged specifically in the indictment and proven beyond a reasonable doubt to a jury or admitted by the defendant in a guilty plea. Defendant also raised a challenge to the use of convictions at paragraphs 17-18 on the basis that he was not convicted of them as an adult.

With respect to the objection based on Erlinger, the court overruled the objection on the basis of the waiver at § 2.i. of defendant's plea agreement. With respect to the objection to counting the convictions at paragraphs 17-18, the court directed the probation officer to provide the underlying state court documents forming the basis for the information summarized at paragraphs 17-18, which documents now have been made part of the record. On the basis of the description in the PSR and the underlying state court documents, the court overruled that part of defendant's objection, holding that there was no basis for finding defendant was convicted as a juvenile instead of as an adult.

## COURT'S DISCUSSION

In Erlinger, the Supreme Court held that "[v]irtually 'any fact' that 'increases the prescribed range of penalties to which a criminal defendant is exposed' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea).'" 602 U.S. at 834 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Such facts include "that his past

4

included three convictions for 'violent felon[ies]' or 'serious drug offense[s]' that were 'committed on occasions different from one another.'" Id. (quoting § 924(e)(1)).

Under the circumstances of this case, defendant's objection based upon Erlinger is without merit, because of the waiver at § 2.i. of his plea agreement. This court previously overruled similar objections to ACCA enhancements, due to plea agreement waiver, in sentencings in United States v. Karon Antwan Mcdonald, 2:23-CR-8-FL (E.D.N.C. August 6, 2024) and United States v. Brandon Michael Sanberg, 5:21-CR-264-FL-1 (E.D.N.C. August 8, 2024).[3] As in those cases, here, defendant agreed:

> To knowingly and expressly waive any and all rights, under the Fifth and Sixth Amendments to the United States Constitution and any cases interpreting them, to have the existence and applicability of any prior convictions (1) <u>charged in the Superseding Indictment</u>, (2) submitted to a jury, and (3) proved beyond a reasonable doubt. The <u>Defendant hereby consents to having the existence and applicability of any such convictions decided by the sentencing judge based on a preponderance of the evidence</u>. The Defendant reserves the right to contest at sentencing the existence of any such prior conviction and whether such conviction qualifies to increase the statutory minimum and maximum sentence, but <u>consents to the resolution of any such objection by the sentencing judge using a preponderance-of-the evidence standard.</u>

(Plea Agreement (DE 92) at 3 (§2.i.) (emphasis added)).

This waiver forecloses defendant's objection. "A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution." United States v. Mezzanatto, 513 U.S. 196, 201 (1995). Indeed defendant's guilty plea itself "waives privilege against compulsory self-incrimination, right to jury trial, and right to confront one's accusers." Id. It follows that defendant's waiver of the right to have prior convictions "charged in the Indictment" bars defendant's objection to the court's determination of defendant's ACCA classification.

---

[3] Sandberg is pending before the Fourth Circuit on appeal, case No. 24-4501.

To the extent defendant suggests he could not have waived knowingly his Sixth Amendment rights because he did not know the Supreme Court would recognize such rights in Erlinger, this suggestion is unavailing. As an initial matter, Erlinger itself stated that it was only applying the prior holdings in Apprendi and Alleyne, and the government already "recognize[d] there is no doubt what the Constitution requires in these circumstances." 602 U.S. at 834. In any event, the waiver in defendant's plea agreement is not dependent upon a ruling one way or another by the Supreme Court: "Although the law changed after [defendant] pled guilty, his expectations (as reflected in the plea agreement) did not." United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005). Thus, the waiver in the plea agreement precludes defendant's argument based on the Sixth Amendment right to have prior convictions specified in the indictment.

Apart from the waiver question, the "different occasions" determination is straightforward. The PSR identifies four prior convictions for violent felonies: Robbery With a Dangerous Weapon (00CRS14102), Common Law Robbery (00CRS14421), Robbery With a Dangerous Weapon (07CRS53701), and Assault With a Deadly Weapon With Intent to Kill Inflicting Serious Injury and Robbery With a Dangerous Weapon (08CRS51613), all of which occurred on different dates: July 11, 2000; March 3, 2000; October 15, 2006; February 13, 2007. (PSR ¶¶ 17, 18, 20, 24).[4] These four offenses occurred with enough time difference to establish by a preponderance of the evidence that they took place on occasions different from one another. Wooden v. United States, 595 U.S. 360, 370 (2022) (noting courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart").

---

[4] The court reiterates its determination made at sentencing hearing to overrule defendant's objection based on the argument that the convictions at paragraphs 17 and 18 of the PSR are juvenile convictions and do not qualify as ACCA predicates. Both convictions at paragraphs 17 and 18 qualify because they are "violent felony" convictions, each comprising "crime[s] punishable by imprisonment for a term exceeding one year," having "as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B), and as demonstrated by the PSR description and the underlying judgment and commitment order entered in those cases. (See DE 142 at 2).

Finally, there is no basis for defendant to withdraw his guilty plea due to the change in the law. "Under Fed. R. Crim. P. 32(d), a defendant does not have an absolute right to withdraw a guilty plea, even before sentencing." United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Factors include: "(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources." Id. None of these factors favor withdrawal under circumstances here, where the qualification of defendant's prior convictions as ACCA predicates is clear from the record, and where defendant already received a downward variance at prior sentencing.

In sum, defendant properly is subject to a sentencing enhancement due to his ACCA classification, and defendant's objection on this basis is without merit.

## CONCLUSION

For the foregoing reasons, the court OVERRULED defendant's objection to his ACCA classification.

DATED, this the 5th day of June, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge